# Yohe's Appeal.

A commissioner appointed to distribute a fund in court arising from a sheriff's sale which was claimed by mechanics' lien creditors, reported that the work done to the building was not an "erection or construction," and his report was confirmed by the court below.   *Held*, that the questions to be determined were properly referred to a commissioner, and the Supreme Court would not reverse although they might have come to a different conclusion from an examination of the evidence returned.

March 20th 1867.   Before WOODWARD, C. J., THOMPSON, STRONG and AGNEW, JJ.   READ, J., absent.

Appeal of Samuel Yohe from the decree of the Court of Common Pleas of *Northampton county*, distributing the proceeds of the sheriff's sale of the real estate of Charles Knapp.

Knapp became the owner of a house and lot in Easton about the 1st of March 1865.   The house was old and in quite a dilapidated condition ; the lot with the building being then estimated as worth about $300.   Knapp proceeded to put repairs upon it ; made some thorough alterations to the porch ; altered and renewed windows and doors ; made an additional room ; extended the roof ; renewed the weather-boarding, partly with old boards previously in the house, and partly with new lumber, so that in its front the house appeared new, but on the side it appeared an old house repaired.   Yohe, the appellant, furnished the new lumber between March 1st and May 26th 1865.

On the 2d of August 1865 William H. Walter entered judgment against Knapp for $320.60.   On the 2d of November 1865 Yohe entered a mechanics' lien for $124.81.   There were other mechanics' liens, amounting together to $96.39, entered the same day.

On the 16th of November the property was sold by the sheriff under Walter's judgment for $660, and the proceeds of sale paid into court.

Uriah Sandt, Esq., was appointed commissioner to distribute this fund.   In an elaborate report, entering very minutely into the details both of the condition of the house when the repairing was

commenced and of the repairs themselves, found " that the repairs made to Mr. Knapp's house do not constitute it an erection or construction, within the meaning of the Mechanics' Lien Act." He therefore reported that the judgment of Walter should be paid, and that the balance of the fund in court should be paid to Knapp, the defendant.

Exceptions were filed to the report, which was confirmed by the court, Maynard, P. J.

Yohe appealed and assigned the decree of the court for error.

*H. D. Maxwell,* for appellant, cited The Olympic Theatre, 2 Browne 284; Armstrong *v.* Ware, 8 Harris 520; Dreisbach *v.* Keller, 2 Barr 79; Norris's Appeal, 6 Casey 127; Landis's Appeal, 10 Barr 379; Nelson *v.* Campbell, 4 Casey 159; Lightfoot *v.* Krug, 11 Id. 348; Pretz & Gausler's Appeal, Id. 349; Harman *v.* Cummings, 7 Wright 322.

*W. W. Schuyler,* for appellee.

The opinion of the court was delivered, April 1st 1867, by

WOODWARD, C. J.—When an old building is renewed by considerable repairs, the much vexed question is pretty sure to arise whether it is " an erection or construction," within the meaning of the Mechanics' Lien Law, and sometimes that has been said to be a question of law and sometimes of fact. Whichever it be regarded, of law or fact, or though it be, as perhaps most frequently it is, a mixed question, there is no more satisfactory mode of deciding it than by referring it to a competent commissioner—a commissioner competent to deal with both questions of law and of fact, and questions also that are compounded of those two elements. Such was the course pursued here. The commissioner was on the spot to examine the building, and was attended by the parties and their counsel. His report exhibits a full consideration of the evidence, and a skilful application of the principles of law.

It was then reviewed in the court below, and the learned president of the court declared that after looking carefully through the evidence laid before the commissioner, his mind was brought to the same conclusion as that reached by the commissioner, to wit, that the work done on the building amounted to nothing more than alterations and repairs done to an old house, and that the filing and entering of these claims of the mechanics and material-men did not constitute liens, within the meaning of the Mechanics' Lien Law.

If our own study of the evidence has led us to a different conclusion, it would be the dictate of common candor and common sense to distrust our conclusion, for we are not in so favorable

[Yohe's Appeal.]

circumstances to adjudge the point as the commissioner was. But in so far as it is our duty to pass upon the evidence, we see nothing to justify us in setting aside the judgment of the commissioner and of the court below, but are led to the same results they reached.

Without again discussing it, the decree is affirmed.